IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**IAN HARRIS,**

        **Petitioner,**

    **v.**              **CASE NO. 05-3167-RDR**

**E. GALLEGOS,**

        **Respondent.**

### O R D E R

  Petitioner, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN), proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. 2241. Before the court is respondents' motion to dismiss (Doc. 3) the petition, to which petitioner filed a response (Doc. 4). Also before the court is petitioner's motion for a temporary restraining order (Doc. 5) and respondents' response. Having reviewed the record, the court finds the petition should be dismissed because this court lacks jurisdiction under 28 U.S.C. 2241 to consider petitioner's claims.

  Petitioner is serving consecutive sentences imposed by the United States District Court for the Northern District of New York for convictions on charges of engaging in a continuing criminal enterprise (CCE), 18, U.S.C. 848, and the use of gun in association with the CCE, 18 U.S.C. 924(c).

  A habeas corpus petition pursuant to 28 U.S.C. 2241 is not

intended as an additional, alternative, or supplemental remedy to that afforded by 28 U.S.C. 2255.  Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964).  For federal inmates, the section 2255 remedy "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention."  Id.

The court finds no such showing is made in this case.[1]

Petitioner presented his Bailey challenge to the sentencing court in 1996 and obtained relief on all but one of his 924(c) convictions.  *See* Harris v. U.S., 357 F.Supp.2d 524 (N.D.N.Y. 2005)(detailing petitioner's post-conviction litigation).  In 1998 petitioner attempted to bring a second or successive habeas petition under 28 U.S.C. 2255, but the Second Circuit Court denied petitioner authorization to do so.  Id.  Petitioner then filed a motion for relief from judgment in his first 2255 petition on grounds that included a claim that the sentence

---

[1] *See also* Harris v. Ray, Case No. 01-3073-RDR, wherein this court found petitioner's challenge to the CCE conviction must be pursued under 28 U.S.C. 2255 rather than through a habeas corpus petition under 28 U.S.C. 2241, and further stated:
> "Petitioner also argues his firearm conviction under § 924(c) should be set aside, based on the Supreme Court's later decision in Muscarello v. United States, 524 U.S. 125 (1998).  This claim, however, is not properly before this court.  As documented by the Federal Bureau of Prisons, petitioner has fully served his firearm sentence and is no longer in custody on that offense.  Even if the "in custody" requirement for obtaining habeas corpus review could be established, petitioner has not established that relief under § 2255 is "inadequate or ineffective to test the legality of his detention" on this conviction."

Memorandum and Order, p.2, n.2 (August 26, 2001).

imposed on his remaining 924(c) conviction was illegal and unconstitutional. The district court denied petitioner's motion as failing to meet the criteria under Rule 60(b)(4) or (5), and as untimely filed for seeking relief under Rule 60(b)(1). Id. Petitioner's failure to obtain relief on allegations of error in his remaining 924(c) conviction, however, does not render the remedy afforded under 28 U.S.C. 2255 inadequate or ineffective for the purpose of establishing jurisdiction to seek relief under 28 U.S.C. 2241 in this court. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nor is the remedy under 2255 rendered inadequate or ineffective if petitioner is precluded from filing a second 2255 motion. Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999).

Petitioner also contends relief under 28 U.S.C. 2241 can be pursued because petitioner is "actually innocent" of the 924(c) gun charge in light of Baily v. United States, 516 U.S. 137 (1995). Although courts have recognized that a clear showing of actual innocence might render relief under 2255 inadequate and ineffective, *see e.g.* Reyes-Requena, 243 F.3d 893 (5th Cir. 2001)), no such showing is made in this case where petitioner essentially seeks to relitigate a claim already rejected by the sentencing court when it denied petitioner's motion for relief from judgment.

For these reasons, the court concludes the petition should be dismissed because petitioner has not demonstrated that this court has jurisdiction to consider petitioner's claims under 28

3

U.S.C. 2241. Petitioner's motion for a temporary restraining order (Doc. 5), to prevent petitioner's transfer from USPLVN, is denied without prejudice.

IT IS THEREFORE ORDERED that respondent's motion to dismiss (Doc. 3) petitioner's application for a writ of habeas corpus under 28 U.S.C. 2241 is granted.

IT IS FURTHER ORDERED that petitioner's motion for a temporary restraining order (Doc. 5) is denied without prejudice.

DATED: This 27th day of June 2005, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge